IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES SHANE SEAT, #01531668 | § | |
| VS. | § | CIVIL ACTION NO. 4:09cv490 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner James Shane Seat, a prisoner confined in the Texas prison system, brings this *pro se* petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Background

Petitioner is complaining about his Lamar County conviction for aggravated sexual assault of two children, Cause Number 22752. He pleaded guilty for an agreed-upon punishment of forty years' confinement on October 17, 2008. He did not file a direct appeal. However, he filed an application for state writ of habeas corpus, which was denied without written order on May 13, 2009. *Ex parte Seat*, Application No. 71,956, at cover.

Petitioner filed the present federal petition alleging he is entitled to relief because his guilty plea was not voluntary, his due process rights were violated, his trial counsel was ineffective, and he was denied the opportunity to present favorable evidence, in violation of the Fourteenth Amendment. The Attorney General provided a Response, asserting that some of Petitioner's claims

are procedurally barred and the remaining claims are without merit. Petitioner filed a Reply.

<u>Federal Habeas Corpus Relief</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996. The new provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it

"applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

      The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies

an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

Exhaustion of State Remedies and Procedural Bar

Section 2254 does not allow a petitioner to file a petition for writ of habeas corpus unless he is "in custody" and has exhausted his available state remedies. 28 U.S.C. § 2254(b)(1). A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas (CCA). *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225. Finally, if one or more of the petitioner's claims is exhausted and one or more of the claims

is unexhausted, it is a "mixed" petition, and the entire petition may be dismissed for failure to exhaust state remedies. *Rose v. Lundy*, 455 U.S. 509, 510, 192 S. Ct. 1198, 71 L. Ed.2d 379 (1982).

In the present case, Petitioner failed to raise his due process violation and Fourteenth Amendment violation in his state writ. Thus, these issues have not been exhausted. "A procedural default . . . occurs when a prisoner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *citing Coleman*, 501 U.S. at 735 n.1. If Petitioner presented the claims at this time to the Texas Court of Criminal Appeals in another state writ application, the court would find the claims to be procedurally barred under the Texas abuse of the writ doctrine. Tex. Code Crim. Proc. Ann. art. 11.07 § 4 (Vernon Supp. 2004); *Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000). Thus, Petitioner's claims would be barred from federal habeas review under the federal procedural default doctrine. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995), *cert. denied*, 515 U.S. 1153 (1995) (the Texas abuse of the writ doctrine is an adequate procedural bar for purposes of federal habeas review). The procedural bar may be overcome by demonstrating either cause and prejudice for the default or that a fundamental miscarriage of justice would result from the court's refusal to consider the claim. *Id.*; *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001).

In these two issues, Petitioner has presented for the first time issues to the federal court that the state courts did not review. However, he has failed to overcome the procedural bar by demonstrating either cause and prejudice for the defaults or that a fundamental miscarriage of justice would result from the court's refusal to consider the claims. *Fearance,* 56 F.3d at 642; *Finley*, 243 F.3d at 200. Accordingly, these claims are procedurally barred from federal habeas review.

Even if Petitioner's claims were not procedurally barred, Fourth Amendment claims are waived when a petitioner voluntarily pleads guilty. *Norman v. McCotter*, 765 F.2d 504, 511 (5th Cir. 1985). As discussed below, Petitioner pleaded guilty; thus, he waived his right to challenge an unlawful arrest, an unlawful search and seizure, and other non-jurisdictional defects. *See id.* Further, the Supreme Court has held that federal courts have no authority to review a state court's application of Fourth Amendment principles in habeas corpus proceedings unless the petitioner was denied a full and fair opportunity to litigate his claims in state court. *Stone v. Powell*, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed.2d 1067 (1976). Petitioner was not foreclosed from litigating his claim in state court; accordingly, this Court may not review it. *Id*. Further, Petitioner waived this issue when he voluntarily pleaded guilty. *Bell*, 966 F.2d at 915.

Because Petitioner has presented unexhausted issues, he has filed a mixed petition. While this petition could be dismissed in its entirety as a mixed petition, in the interest of justice, this Court will examine Petitioner's exhausted claims.

<u>Guilty Plea</u>

Petitioner asserts that his guilty plea was involuntary. A guilty plea generally waives constitutional deprivations occurring prior to the plea, *Haring v. Prosise*, 462 U.S. 306, 319-20, 103 S. Ct. 2368, 2376-77, 76 L. Ed.2d 595 (1983), except a habeas claim challenging the validity of the guilty plea itself, *Matthew v. Johnson*, 201 F.3d 353, 364 (5th Cir. 2000), *cert. denied* 531 U.S. 830, 121 S. Ct. 291, 148 L. Ed.2d 44. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett v Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed.2d 235 (1973). Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). This waiver

includes all claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the giving of the guilty plea. *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983), *cert. denied*, 466 U.S. 906, 104 S. Ct. 1685, 80 L. Ed.2d 159 (1984).

If a petitioner challenges his guilty plea, there must be independent indicia of the likely merit of his contentions, and mere contradictions of his statements at the guilty plea will not carry his burden. *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir. 1987). The validity of a guilty plea is a question of law and will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

Here, Petitioner claims that his plea was involuntary because he was under the influence of psychological medication and because his counsel was ineffective for knowing that Petitioner was taking medications. The Court first notes that Petitioner has provided nothing but his conclusory allegation that he was mentally incompetent to plead guilty or that he was under the influence of medication rendering him incompetent. He has provided nothing from a reliable third party to show that he was mentally incompetent at the time he entered his guilty plea and that he was under the influence of medication that rendered him incompetent. Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 7 99 (5th Cir. 1982). In the state habeas proceedings, the prosecution, in its answer to Petitioner's state writ, informed the state court:

> Prior to entering his plea of guilty, the Applicant underwent court ordered evaluation to determine whether the Applicant was 1) competent to stand trial and 2) sane at the time when the crimes were committed. Said evaluations were performed by Dr. David Bell, and the reports made by Dr. Bell were entered on September 25, 2008. Dr. Bell's determination was that the Applicant was 1) "fully competent to stand trial," and 2) "not insane at the time of his offense." Specifically, Dr. Bell's report indicated that the

> Applicant was not psychotic, not delusional, and had never been psychotic. It was further the opinion of Dr. Bell that the Applicant "is malingering to avoid prosecution."

*Ex parte Seat*, Application No. 71,956, at 19.

A review of the record shows that Petitioner was admonished as to the charges against him and as to the consequences of a guilty plea. *Id.*, at 28-33. The trial court specifically admonished Petitioner concerning the consequences of his plea – the range of punishment for the charge (first degree felony punishable by up to ninety-nine years or life), his abandonment of his jury trial rights, and the nature of the charges contained in the indictment. *Id*. at 32-33. The "Court's Admonition of Statutory and Constitutional Rights and Defendant's Acknowledgment," signed on February 20, 2008, outlined the offense and range of punishment. It outlined his various rights concerning his plea as well as rights that he was waiving by pleading guilty. By his signature, he acknowledged:

> I have received and reviewed the foregoing admonishments with my attorney. I understand each and every admonishment and I have no questions of the judge or my attorney concerning these admonishments.

*Id*. at 33. Additionally, as part of the written plea admonishments, the trial judge found that Defendant "is mentally competent and that his plea is intelligently, freely, knowingly and voluntarily entered." *Id*. at 37.

Petitioner also signed "Written Waiver of Defendant – Joined by Attorney." In it, he states, "I am aware of the consequences of my plea." *Id*. at 34. "I am mentally competent and my plea is knowingly, freely, and voluntarily entered. No one has threatened, coerced, forced, persuaded or promised me anything in exchange for my plea." *Id*. He also states, "My attorney provided me fully effective and competent representation and I am totally satisfied with the representation given to me

by my attorney." *Id*. Court documents, such as the forms discussed, enjoy a presumption of regularity and great evidentiary weight should be afforded to such instruments. *Carter v. Collins*, 918 F.2d 1198, 1202 (5th Cir. 1990).

Finally, the state habeas court considered Petitioner's claim that his plea was involuntary or unknowing and that counsel was ineffective in allowing Petitioner, or encouraging him, to plead guilty. The CCA denied his writ without written order, constituting an adjudication on the merits. *Singleton*, 178 F.3d at 384; *Ex parte Torres*, 943 S.W.2d at 472. The record establishes that the trial court and Petitioner's trial counsel fully admonished him on the nature of the charges against him and the range of punishment for the offenses as well as the consequences of a guilty plea. The record reflects that Petitioner made his plea of guilty voluntarily and that he understood the charges against him and the applicable range of punishment for the offenses. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1977).

Petitioner has not shown that he did not understand the nature of a constitutional protection that he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). He failed to prove that he was given deficient or misleading advice or that, but for trial counsel's advice, he would have taken his chances at trial. Petitioner fails to show error under the first prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). He has provided nothing but conclusory claims, and the record refutes his claims. *Davis*, 825 F.2d at 894 (the petitioner must present an independent indicia of the likely merit of his content – mere contradictions of his statements at the guilty plea does not meet his

burden). Without evidence in the record, his bald assertions present nothing for review. *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983). He has failed to show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370-71, 88 L. Ed.2d 203 (1985). A guilty plea must be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *Montoya*, 226 F.3d at 404. Additionally, Petitioner is also not entitled to relief because he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

Because Petitioner pleaded guilty knowingly and voluntarily, and his plea was not the result of ineffective assistance of counsel, his remaining claims - that trial counsel was ineffective for failing to investigate alibi witnesses and the facts of his case - are waived. A knowing and voluntary guilty plea waives all nonjurisdictional deprivations that occurred prior to the plea. *Tollett*, 411 U.S. at 267, 93 S. Ct. at 1608. Additionally, even though his Fourteenth Amendment issue is procedurally barred, because he voluntarily and knowingly pleaded guilty, he waived his right to trial and his opportunity to present favorable evidence. Thus, the issue is likewise waived and unavailable for consideration by this Court. Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings are waived. *Bell*, 966 F.2d at 915.

## Conclusion

Petitioner failed to exhaust two of his issues, which are procedurally barred. He has also

failed to show that his plea of guilty was unknowing or involuntary or that it was due to ineffective assistance of counsel. Because his plea was knowing and voluntary, his remaining claims are waived. His petition must fail for the additional reason that he has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases

where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that the Petitioner is not entitled to a certificate of appealability as to his claims.

Recommendation

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 17th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE